**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1081

LINDA MOZEE,

Plaintiff - Appellant,

versus

WAYNE DAVID BURLEY, in his individual
capacity; CHESTER ARNOLD, in his individual
capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. James C. Fox, Senior
District Judge. (CA-02-155-7)

Submitted: September 24, 2004      Decided: October 14, 2004

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Vernon Hartley, THE LAW OFFICE OF DAVID V. HARTLEY,
Lillington, North Carolina, for Appellant. Scott C. Hart, SUMRELL,
SUGG, CARMICHAEL, HICKS & HART, P.A., New Bern, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Linda Mozee appeals the district court's order granting summary judgment to Defendants in her action under 42 U.S.C. § 1983 (2000). Mozee asserts the district court erred in granting summary judgment to Defendants on her claim that they used excessive force when arresting her. Finding no error, we affirm.

This Court reviews a district court's grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes the evidence and draws all reasonable inferences in the light most favorable to the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Claims of excessive force during arrest are governed by the Fourth Amendment and are analyzed under an "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395-96 (1989). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. Determining whether the force used was reasonable requires that we weigh "the nature

and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. (internal quotation marks omitted).

Factors considered include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." Id. "[T]he question is whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citations omitted). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

We agree with the district court that when taken in the light most favorable to Mozee, the facts alleged do not establish that Defendants used excessive force. It is undisputed that Mozee was actively resisting Defendants' authority and her arrest, and some force was necessary to effect the arrest. Moreover, Mozee's allegations that her handcuffs were too tight and officers applied pressure to the back of her head while handcuffing her are insubstantial as a matter of law. See Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999). Because the district court properly determined that Defendants' conduct did not violate a

constitutional right, the court likewise properly determined that it need not address any further issues of qualified immunity. <u>See</u> <u>Jones v. Buchanan</u>, 325 F.3d 520, 526 (4th Cir. 2003). Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>